John Di Iorio  
vs.  } No. 70935.
Thomas Russe, et ux.

December 10, 1931.

FROST, J. Heard on defendant Thomas Russe's motion for new trial after verdict for plaintiff in the sum of $5,301.50, against him.

This is an action of deceit brought to recover damages alleged to have been sustained by plaintiff as a result of endorsing defendants' promissory note at the request of defendant Thomas Russe, and because of representations alleged to have been made which later were found to be false.

The declaration alleges that defendants owned land and buildings at 210-216 Manton Avenue in the City of Providence; that this real estate was encumbered by two mortgages of record, one of $9,000 and another of $6,000; that they owed $5,280 for materials and lumber used in the construction of the buildings on said land; that they desired to obtain money for the payment of their indebtedness of $5,280; that they persuaded the plaintiff to endorse a promissory note in the sum of $5,280, which amount when obtained from the bank they represented would be used for the cancellation of their indebtedness of $5,280; that at the same time they asserted and represented that they would not mortgage or encumber further the said real estate. The declaration further alleges that by reason of his endorsement of defendants' note, he was obliged to pay $4,500 to the bank and that defendants executed a third mortgage to McDuff Coal and Lumber Company whereby he, the plaintiff, lost any security that he might otherwise have had for his endorsement of said note.

Plaintiff testified that at the solicitation of Thomas Russe, and without receiving any consideration therefor, he endorsed defendants' note for $5,280; that he later endorsed several renewal notes, the last for $4,500; that this one he was obliged to pay; that when solicited to endorse the first note Russe did not tell him that the second mortgage was being foreclosed nor did he reveal the fact that there was an attachment of $10,000 upon the property on Manton Avenue. Di Iorio also testified that Russe said that he was going to put no other mortgages upon the property and that he, relying upon these statements and assurances of Russe, endorsed the note.

It appeared in testimony that the second mortgage was purchased with

the money obtained from the bank on the endorsement of Di Iorio; that an assignment of it was taken in blank and later again assigned, the result being that a second mortgage remained on the property.

The attachment for $10,000 was placed upon the property by one Salvatore, who in turn owed McDuff Coal and Lumber Company for materials. This appears to have been taken care of by a third mortgage upon the property given by the defendants to McDuff Coal and Lumber Company.

The essential testimony given by Di Iorio was contradicted by Russe and there was also testimony tending to prove that whatever claim Di Iorio had earlier was later satisfied through a transfer of the property to him.

The case was one in which there was a marked conflict of testimony and the Court thinks there was evidence upon which the jury might fairly find that Russe had failed to state certain essential facts to Di Iorio and had made other statements which were not facts. There was evidence on which the jury might find that Russe promised not to further encumber the real estate in question and that he did not carry out this promise and did not intend to from the beginning. This in itself would be fraudulent action on the part of Russe.

*Swift* vs. *Rounds,* 19 R. I. 527.

In the opinion of the Court there was evidence to sustain the verdict, which does substantial justice between the parties.

Defendant's motion for a new trial is therefore denied.

For plaintiff: James E. Brothers.

For defendant: William H. McSoley.